UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerry Bubel,

    Plaintiff,

v.                                                                 Case No.  12-10616

Commissioners of Social Security,         Honorable Sean F. Cox

    Defendant.

_____/

**ORDER**
**ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

Plaintiff brought this action challenging the Commissioner's unfavorable decision disallowing benefits.  The matter was referred to Magistrate Judge Michael Hluchaniuk for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

Thereafter, the parties filed cross-motions.  In a Report and Recommendation ("R&R") issued on March 7, 2013, Magistrate Judge Hluchaniuk recommends that "plaintiff's motion for summary judgment be GRANTED, that defendant's motion for summary judgment be DENIED, that the findings of the Commissioner be REVERSED, and that this matter be REMANDED for further proceedings."  (R&R at 2).

Although the R&R referred to Plaintiff's motion as a motion for summary judgment, Plaintiff's motion was actually titled "Plaintiff's Motion for Remand Pursuant to Sentence Four."  (Docket Entry No. 12).  When filing the motion, however, Plaintiff's Counsel identified it on the docket as a "Motion for Summary Judgment Pursuant to Sentence Four."

1

In any event, the R&R recommends that this matter "be remanded for the ALJ to further explain the weight given plaintiff's treating physician opinions and how his moderate impairment in concentration, persistence, or pace was accounted for in either the conclusion that he could perform his past work or that he was capable of 'medium work' generally. Given this conclusion, additional vocational expert testimony may be required, and plaintiff's credibility will have to be reconsidered, depending on the conclusions the ALJ reaches on remand." (R&R at 28). The R&R further states:

> The undersigned agrees with plaintiff that because the Commissioner concedes that the VE's testimony was based solely on the information provided by plaintiff, the Court need not make a determination as to the consistency of the VE's testimony with the DOT. The undersigned also concludes that substantial evidence does not support the ALJ's finding that plaintiff could perform his past relevant work as a "truck driver" where plaintiff performed the past work by frequently lifting "50 lbs. or more," because that is inconsistent with the ALJ's determination that plaintiff had the residual functional capacity to lift no more than 50 pounds at any time. The Commissioner does not explain how the ALJ's decision can be supported by substantial evidence where plaintiff's past relevant work required him to frequently lift over 50 pounds and the ALJ determined that the most that plaintiff could lift was no more than 50 pounds, only occasionally. Thus, this matter should also be remanded for clarification of this issue.

(R&R at 29).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Both parties filed objections to the R&R. (*See* Docket Entry Nos. 19 & 20). In addition, Plaintiff filed a response to Defendant's objections. (Docket Entry No. 21).

A.  **Defendant's Objections**

Defendant asserts two objections to the R&R.  First, Defendant asserts that the magistrate judge erred in finding that the ALJ failed to provide adequate reasoning for rejection of Plaintiff's treating physician.  (Def.'s Objs. at 2).  Defendant contends that the ALJ provided more than adequate reasoning for rejection of Dr. Veyna's opinions.  Defendant directs the Court to what he believes are inconsistencies between Dr. Veyna's progress notes and his opinions.  But the magistrate judge carefully reviewed the ALJ's discussion of those purported inconsistencies (*see* R&R at 25-27) and concluded that the ALJ's analysis of those purported inconsistencies is "wholly unsatisfactory."  (R&R at 27).  This Court agrees with the magistrate judge's conclusion.

Second, Defendant objects to the magistrate judge's conclusion that the ALJ did not explain how Plaintiff's moderate impairments in concentration, persistence, or pace impacted his ability to perform his past work as a truck driver.  The magistrate judge, however, explained in detail why he arrived at that conclusion.  (*see* R&R at 25-26).  This Court concurs with Magistrate Judge Hluchaniuk's reasoning and conclusion.

B.  **Plaintiff's Objection**

Plaintiff asserts one objection to the R&R – he "objects to the Magistrate Judge's finding that "The undersigned interprets plaintiff's argument as conceding that his claim is only for this closed period of time."  (Pl.'s Obj. at 1) (quoting R&R at 18 n.3).  Plaintiff asserts that he "has not waived his right to adjudication on his full claim for benefits, including ongoing benefits, if warranted by evidence which came into existence after the ALJ's denial."  (Pl.'s Obj. at 2).  Plaintiff asks the Court to reject that portion of the R&R and "find that Plaintiff's claim for

benefits is not for a closed period of time." (*Id.*).

Having reviewed the entire record, however, the Court does not believe that the magistrate judge erred in viewing Plaintiff's claim as a claim for the referenced closed period of time. Indeed, during the administrative hearing, Plaintiff's counsel affirmatively stated:

| | |
|---|---|
| ATTY: | No, he – I'm not contending that he meets a listing. I also would like to use this opportunity to point out that Mr. Bubel has gone back to work as of June of 2010 full time so we are not – we are going to request that – a closed period with an onset of March of 2008 through – or up until the time he went back to work in June of 2010. |
| ALJ: | So you're looking for a closed period of a little bit over two years? |
| ATTY: | Correct. |

(*See* Docket Entry No. 8-2 at Pg ID 67). The Court therefore finds Plaintiff's objection without merit.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Court ACCEPTS AND ADOPTS the March 7, 2013 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Remand Pursuant to Sentence Four is GRANTED, that Defendant's Motion for Summary Judgment is DENIED, that the findings of the Commissioner are REVERSED, and that this matter be REMANDED for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), as set forth in the March 7, 2013 R&R.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 17, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerry Bubel,

    Plaintiff,

v.                                                Case No. 12-10616

Commissioners of Social Security,        Honorable Sean F. Cox

    Defendant.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2013, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager